## BARLING v. UNITED STATES.
### No. 49190.

United States Court of Claims.

May 5, 1953.

J. R. Greenwood, Washington, D. C., Samuel Herrick and Philip F. Herrick, Washington, D. C., on the brief, for plaintiff.

William A. Stern, II, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

Plaintiff sues to recover damages in the amount of $90,415.48 for the alleged breach of a contract entered into on January 28, 1946, with defendant, acting through its Bureau of Reclamation, Department of the Interior, whereby plaintiff agreed to perform earthwork and erect reinforced concrete structures for a pilot canal, laterals and sublaterals, which were to be a part of defendant's Pilot Division, Riverton Project, Wyoming.

Under paragraph 23 of the contract specifications quoted in finding 6, defendant agreed to furnish cement, reinforcing steel, and certain other materials for use in the contract work. Because of the inability of defendant to supply reinforcing steel and cement when needed by plaintiff for contract operations, there was substantial delay in the completion of the work.

It is plaintiff's position that the failure of defendant to furnish the materials as needed was a breach of contract or of warranty, or both, for which plaintiff is entitled to recover damages. Defendant contends that it did not breach the contract for the reason that it did not, either in the contract or by warranty, agree to furnish the materials at any particular time, and that it was not negligent in delivery of materials to plaintiff.

The case is now before the court under an order dated November 2, 1951, limiting the trial to the issues of law and fact relating to the right of plaintiff to recover, and reserving for later determination the amount of recovery should plaintiff here prevail.

On January 28, 1946, the parties executed a contract whereby plaintiff agreed to perform earthwork and erect reinforced concrete structures for defendant at the Riverton Project in Wyoming. The con-

tract specifications contained a provision that defendant would furnish certain materials, including cement and reinforcing steel, for use in the completion of the contract work. Plaintiff was to begin work within 30 calendar days after receipt of notice to proceed, and to finish the job within 270 calendar days after receipt of the notice. On March 4, 1946, plaintiff received notice to proceed, thus fixing the contract performance period to be March 5 to November 29, 1946, inclusive.

On March 4, 1946, defendant issued a requisition for purchase of the project steel requirements, and on March 18, 1946, the first invitation for bids on such steel was issued. Bids were to be opened on April 4, 1946, but none were received. Invitations for bids were thereafter reissued six times during the spring and summer of 1946, to an aggregate of 48 suppliers, but no bids were received in response to these invitations.

On April 4, 1946, plaintiff submitted to the project superintendent a schedule of his steel and cement requirements, requesting periodic deliveries beginning April 20. On April 22, 1946, plaintiff was advised by defendant's superintendent that there would be some delay in the delivery of steel. Thereafter, as set forth in findings 13–18, defendant made repeated and diligent efforts to obtain reinforcement steel for the project which finally resulted, in August of 1946, in the delivery of sufficient amounts of steel for the completion of the work.[1]

In addition to the difficulties above recounted, defendant was unable to furnish cement as needed by the contractor, which also caused delay. Orders for the cement were placed by plaintiff with the project superintendent, who promptly, and sufficiently far in advance to have permitted timely delivery, relayed the orders to the cement manufacturer. On two occasions prompt delivery was not forthcoming, and, as a result, plaintiff was forced to suspend concrete placing operations[2] because of a lack of cement.

Plaintiff applied for and was granted an extension of time because of the inability and failure of defendant to furnish cement and steel as needed. The contracting officer made findings of fact dated June 4, 1947, in which he found that plaintiff had been delayed 91 calendar days because of the inability of defendant to furnish reinforcing steel as needed, and 12 calendar days by the inability of defendant to furnish cement as needed. The contracting officer further found that plaintiff was entitled to an extension of 174 calendar days from November 2, 1946, to April 24, 1947, because of an order to suspend concrete placing operations during the winter months. As a result of these findings plaintiff was given and accepted an extension of time of 277 calendar days.

By Change Order No. 2, Extra Work Order No. 2, and findings of fact of the contracting officer dated December 3, 1947, the performance time of the contract was extended to October 2, 1947, on which date plaintiff completed the job.

Plaintiff contends that he was wilfully and negligently delayed in the performance of the contract work by defendant's failure to furnish reinforcing steel and cement when needed. It is argued that defendant gave notice to proceed at a time when it did not have reinforcing steel on hand or on order, that at the time notice to proceed was given defendant knew or should have known that there might be delays in obtaining steel, and that defendant was thereafter dilatory in providing a sufficient supply of steel for the completion of the project.

While it is true that at the time the contract was executed defendant had not obtained or ordered the steel for the instant

---

1. The contracting officer found that plaintiff had been unavoidably delayed 91 calendar days because of the inability of defendant to obtain and furnish to plaintiff a sufficient quantity and proper sizes of reinforcing steel when needed.

2. From October 2 to October 7, 1946, and from October 19 to October 24, 1946, or a total of 12 days.

contract, it had been the practice of the Bureau of Reclamation for a number of years to obtain steel only when there was a contractor on the job to receive it, and prior to 1946 it had usually been possible to secure delivery of reinforcing steel within thirty days from the date of the order.

It is also true that in December of 1945 and January of 1946 defendant had encountered some difficulty in obtaining reinforcing steel for use in other projects. At the time the instant contract was entered into, however, defendant reasonably expected that the supply of steel would improve in the immediate future. There is nothing in the record to indicate that defendant knew or should have known that it would be unable to furnish reinforcing steel to the contractor in time for the work to proceed in an orderly manner and to be completed within the contract period. Nor can we, in the circumstances of this case, attach significance to the fact that notice to proceed was given at a time when the Government did not have on hand or on order the materials it had agreed to furnish.

Finally, there is no evidence that the defendant was in any way at fault in failing to exert its best efforts to obtain the steel it had agreed to furnish. On the contrary, we have found that it exercised great diligence in an effort to secure steel for the plaintiff as needed, and that its inability to do so was not attributable to any fault or negligence on its part. It was very difficult to obtain steel in 1946, and the record shows that defendant did all that it could to prevent costly delays to plaintiff in this regard.

With regard to the delay occasioned by a lack of cement, our findings show even more clearly that no blame can attach to defendant. Orders were relayed to the cement manufacturer sufficiently far in advance to have permitted timely delivery, and defendant cannot be held liable here because the manufacturer failed to make prompt delivery.

■ It is clear, under these facts and circumstances, that defendant has in no wise breached its contractual obligations. United States v. Foley Co., 329 U.S. 64, 67 S.Ct. 154, 91 L.Ed. 44; Daum v. United States, 120 Ct.Cl. 192; Otis Williams & Co. v. United States, 120 Ct.Cl. 249.

Plaintiff also contends that defendant warranted that it would furnish steel and cement as needed. Defendant asserts that the evidence does not establish any such warranty.

Stated briefly, the facts on which plaintiff relies are that prior to the submission of his bid plaintiff had two conversations with the representative of defendant receiving the bids, in which plaintiff inquired whether the Government would have the steel and cement on request, and stated that he could not submit a bid unless he was sure that the steel would be supplied on request.

The defendant's representative, who was not the contracting officer, replied that the Government supplied the materials it agreed to, and that it was very unusual to question the ability of the Government to supply materials. Plaintiff assumed that these statements were an assurance that the materials would be supplied as needed, and relying on this assumption completed and submitted his bid.

Plaintiff then understood that the defendant's representative receiving the bids was to be the project superintendent on the job, and that he would be under the direction of superior officers in the Bureau of Reclamation. He also knew that the central offices of the Bureau for the western area were in Denver, Colorado, but he made no inquiry there concerning the availability or steel or cement.

■ We are not convinced that the statements relied on by plaintiff can properly be interpreted as establishing a warranty that defendant would furnish steel and cement as needed. Assuming, however, that the defendant's representative receiving the bids did make such a warranty, it would be ineffectual because made without authority. Kelly v. United States, 91 F.Supp. 305, 116 Ct.Cl. 811, certiorari

denied 340 U.S. 850, 71 S.Ct. 78, 95 L.Ed. 623.

We hold, therefore, that plaintiff is not entitled to recover, and the petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, WHITAKER, Judges, concur.