## TORRES v. UNITED STATES.

### No. 48949.

United States Court of Claims.

June 2, 1953.

Harold A. Kertz, Washington, D. C., Jose G. Gonzales, San Juan, Puerto Rico and Roberts & McInnis, Washington, D. C., on the briefs, for plaintiff.

Carl Eardley, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

Plaintiff sues for damages for breach of his contract with the defendant for certain construction at the Roosevelt Roads project in Puerto Rico. This project called for the erection of 25 buildings at Daguao Army Base in Puerto Rico. Plaintiff alleges defendant breached its contract with him in that it delayed him in the construction of the buildings in three ways: first, it failed to stake the site of the buildings in time; second, it changed the design of the buildings; and, third, it failed to furnish the required materials on time.

■■ Plaintiff's first two claims are untenable; the first, because, at the conclusion of the contract, he signed a release of the defendant from all claims under the contract except those reserved, and this claim was not reserved; the second, because the defendant reserved the right to make changes in design.

■ Plaintiff's third claim is the only one on which he is entitled to recover. We think he is entitled to recover on this one because defendant had agreed to furnish the materials, and had represented that they would be available when needed; and that this representation induced plaintiff to reduce his price to the amount agreed upon; and that defendant failed in doing the things it represented it would do.

Plaintiff had included in his bid an item of $26,781.00 to cover additional costs which he expected would be incurred if defendant delayed in furnishing him materials, an obligation which the defendant assumed under the contract. Defendant's agent asked plaintiff to eliminate this item from his bid, on the representation that the materials were available and that there would be no delay in furnishing them. Plaintiff agreed, and did reduce his bid by this amount.

The materials were not furnished when needed, as defendant had represented they would be, and, therefore, there has been a failure to satisfy the inducement offered plaintiff to enter into the contract, at the reduced figure.

For the failure to do so plaintiff is entitled to recover.

■ Defendant's suggestion that defendant is excused because it used due diligence to fulfill its promise is not good, because it was an unequivocal promise, one given

for a valuable consideration. This was not true in Barling v. United States, Ct.Cl., 111 F.Supp. 878. In that case there was no representation that the materials were available and would be furnished on time, and a reduction in the contract price in consideration of this representation.

Defendant's defense that it is excused from performance because in its sovereign capacity it had determined that it was to the best interest of the Nation to perform other contracts in preference to this one is not sustained by the proof.

The question remains as to the amount of damage the plaintiff is entitled to recover. His original contract, plus changes, called for a total of $121,723.76. It cost plaintiff $140,665.33 to perform it. But, because of defendant's delays in furnishing certain material, plaintiff was relieved from performing work of the agreed value of $7,-522.45. So that it cost plaintiff $140,665.33 to do work which he had contracted to do for $114,201.31. Plaintiff is, therefore, out $26,464.02.

The major part of this loss, we think, was due to failure of defendant to furnish materials on time, but we cannot ignore the fact that plaintiff claims that a part of his damage was caused by the failure of the defendant to stake out the buildings on time—a claim which he did not except from his release—and by changes in the design of the buildings, which the defendant by the contract had reserved the right to make, and for the making of which it is not liable. It is therefore, questionable whether plaintiff is entitled to recover the total difference between his cost and his contract price as adjusted, even conceding that his costs were reasonably incurred, as we think we must concede under the proof.

We are of the opinion that plaintiff, in order to prove his case, has claimed too much. As our findings show, his loss from both delay in the staking of the buildings and the change in design was not great, but plaintiff says it amounted to something, and perhaps it did.

■■■ The total of the allowable items in plaintiff's claim, which he excepted from the release, amounts to only $18,305.56.

Plaintiff's claim was for $30,090.53; however, this included an item which he denominates "profit expectancy" in the amount of $7,963.24. In a suit for breach of contract plaintiff is not entitled to profit on the amount of his damage. This item must be eliminated. Also, he claimed $6,-704.88 for additional overhead expense, based on the time required to do the job in excess of 90 days. However, the contract time was 5 months, and, hence, he is only entitled to additional overhead for the time spent in excess thereof. This was 43 days. On the basis of his claim, his additional overhead for 43 days was $2,-883.15. The allowable items in his claim thus amount to $18,305.56.

We are of opinion that if we give plaintiff a judgment for this amount of $18,-305.56, he will be fairly compensated. Judgment for this amount will be entered against the defendant.

JONES, Chief Judge, and HOWELL, MADDEN, and LITTLETON, Judges, concur.